UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DEONTAY P. GRACE, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:20-CV-424-WCL-SLC |
| ALLEN COUNTY JAIL, | |
| Defendant. | |

OPINION AND ORDER

Deontay P. Grace, a prisoner without a lawyer, is listed as a plaintiff in a complaint filed against the Allen County Jail. ECF 1. However, Grace did not pay the filing fee or seek leave to proceed in forma pauperis by submitting an in forma pauperis petition accompanied by his trust fund ledgers for the past six months as is required by 28 U.S.C. § 1915(a)(2). This case cannot proceed unless he resolves the filing fee issue.

Moreover, the current complaint does not state a claim by Grace against the Allen County Jail. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To determine whether the suit states a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), a court applies the same standard as it would to a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6). *Tate v. SCR Med. Transp.*, 809 F.3d 343, 345 (7th Cir. 2015). In deciding a motion to dismiss under Rule 12(b)(6), a court must accept all well-pleaded factual allegations as true and view them

in the light most favorable to the plaintiff. *Luevano v. WalMart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013). To survive dismissal, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). However, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted).

Grace is described as a "convicted and sentenced state prisoner awaiting probation violation hearing." ECF 1 at 7. There is an open question as to whether these types of claims should be assessed under the Eighth or Fourteenth Amendment. *See Brandy v. Marquette Cty. Jail*, No. 20-CV-502-JDP, 2020 WL 4219825, *2 n.1 (W.D. Wis. July 23, 2020) ("Courts so far have avoided deciding which standard applies to probationers awaiting a hearing on a probation violation.") (citing *Palmer v. Marion Cty.*, 327 F.3d 588, 592–93 (7th Cir. 2003)); *see also Abbrella F. Capps v. Yeley Officer*, No. 1:19-CV-01248-JPH-MJD, 2020 WL 6905307, at *4 (S.D. Ind. Nov. 23, 2020) and *Capps v. Calhoun*, No. 1:19-CV-00519-TWP-MJD, 2020 WL 4925719, at *8–9 (S.D. Ind. Aug. 21, 2020) (both noting that since *Kingsley v. Hendrickson*, 576 U.S. 389 (2015) and *Miranda v. Cty. of Lake*, 900 F.3d 335 (7th Cir. 2018) were decided, the Seventh Circuit has not weighed in on whether an inmate being held pursuant to a probation violation is considered a pretrial detainee or a convicted prisoner, leaving the issue, which is no longer "academic" considering the now differing standards, "unresolved"). However,

2

for purposes of this order only, the court will assume that the Fourteenth Amendment applies.

"[T]he Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that 'amount to punishment.'" *Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856 (7th Cir. 2017) (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). "A pretrial condition can amount to punishment in two ways: first, if it is 'imposed for the purpose of punishment,' or second, if the condition 'is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the government action is punishment.'" *Id.* (quoting *Bell*, 441 U.S. at 538–39). A pretrial detainee states a valid Fourteenth Amendment claim by alleging that (1) the defendants "acted purposefully, knowingly, or perhaps even recklessly," and (2) the defendants' conduct was objectively unreasonable. *Miranda*, 900 F.3d at 353–54 (citing *Kingsley*, 576 U.S. at 395–400; *see also Hardeman v. Curran*, 933 F.3d 816, 823 (7th Cir. 2019) (extending *Kingsley's* objective inquiry to all Fourteenth Amendment conditions-of-confinement claims brought by pretrial detainees). However, "negligent conduct does not offend the Due Process Clause," so a showing of negligence or even gross negligence will not suffice. *Miranda*, 900 F.3d at 353.

Here, the complaint alleges that on November 9, 2020, Grace—along with six other inmates listed as plaintiffs—was placed in a holding cell and stripped naked. He was not given a shower nor given a temperature check before being transferred to a dorm room. That dorm room was "pure filth and dirt," the inmates were denied cleaning supplies, and the hot water does not work "on top of too many other concerns

3

to list." ECF 1 at 4. Two days later, the inmates were permitted to shower, but only three out of six shower heads worked and the shower room itself was dirty. The complaint states that Grace and the other inmates have been pressing the call button for "medical needs" since they arrived at the jail, but no one has come to check on them. *Id.* at 5.

To start, Grace cannot proceed against the Allen County Jail. Although the Allen County Jail is where these events occurred, the jail is a building, not an individual or even a policy-making unit of government that can be sued pursuant to 42 U.S.C. § 1983. *See Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) (jail is not a suable entity); *see also Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011) (same, applying Indiana law).

Additionally, it is unclear what allegations in the complaint apply specifically to Grace. Many of the allegations are written in the first person by Grace's fellow inmate, Yancie O. Hunter and appear to pertain only to Hunter. The allegations that do seem to apply collectively—namely, that the inmates were not permitted to shower for two days, that the shower and dorm rooms are filthy, and that the dorm room lacks hot water—are insufficient to state a claim without additional supporting details. *See generally Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011) (noting that a plaintiff "must plead some facts that suggest a right to relief that is beyond the speculative level") (internal quotation marks and citation omitted); *see also Iqbal*, 556 U.S. at 678 (facts must be sufficient so that a claim is "plausible on its face"). Specifically, with regard to the lack of showering, the Seventh Circuit has held that even "limiting

4

inmates to weekly showers does not violate the Eighth Amendment." *Myrick v. Anglin*, 496 Fed. Appx. 670, 675 (7th Cir. 2012). Because there is no indication that the lack of shower was imposed as a punishment here—and because it is not objectively unreasonable to go without showering for two days even outside of a jail—absent additional details, the complaint does not plausibly allege Grace's Fourteenth Amendment rights were violated when he didn't receive a shower for two days. The same is true of the allegation that the dorm did not have hot water. *See Hopkins v. Klindworth*, 556 Fed. Appx. 497, 499 (7th Cir. 2014) ("Prisoners do not have a constitutional right to hot water under the Eighth Amendment."); *see also Willis v. Watson*, No. 20-3058, 2020 WL 3335405, at *1 (C.D. Ill. June 18, 2020) (collecting cases regarding the availability of hot water in prison cells). As to the vague allegations that the shower and dorm rooms are dirty, the sparse facts presented in the complaint do not describe the degree of uncleanliness necessary to support a constitutional violation, and Grace has not alleged how he, personally, was affected by those conditions. *See e.g. Smith v. Dart,* 803 F.3d 304, 312 (7th Cir. 2015) (inmate failed to state a claim when he alleged the jail was infested with mice and cockroaches but did not provide sufficient details which "left [the court] in the dark as to how extensive the infestations are and how the pests affect him").

Finally, the complaint states that the inmates' "medical needs" have been ignored since November 9, 2020. Claims of inadequate medical care while in pretrial detention are subject to the objective-reasonableness standard described above. *Miranda*, 900 F.3d at 352. Here, however, no details whatsoever are provided about

5

Grace's alleged medical condition or his requests for help.[1] Grace's threadbare allegations of unanswered "medical needs" do not plausibly state a claim. *See generally Iqbal*, 556 U.S. at 678; *Atkins*, 631 F.3d at 832.

Although the current complaint states no valid claims, the court will give Grace the opportunity to file an amended complaint. *See Luevano*, 722 F.3d at 1022–25. If he chooses to file an amended complaint, it should be done on the court's approved form, which will be sent by the clerk. The amended complaint must provide as much detail as possible about the prison conditions and medical problems Grace has experienced or is experiencing—explaining what happened, when it happened, where it happened, who was involved, and how the conditions and/or events that transpired personally injured him. Of note, an amended complaint should only be filed if Grace believes the deficiencies set forth in this order can be rectified.

For these reasons, the court:

(1) DIRECTS the clerk to write this cause number on blank Prisoner Motion to Proceed In Forma Pauperis AO 240 (Rev. 7/10) (INND Rev. 8/16) and Prisoner Complaint Pro Se 14 (INND Rev. 2/20) forms and send them to Deontay P. Grace;

(2) GRANTS Deontay P. Grace until **January 8, 2021**, to either pay the filing fee in full or file an in forma pauperis motion along with inmate trust fund ledgers for the past six months;

---

[1] The complaint describes an anxiety attack suffered by Hunter and an incident where another inmate, Allen Wade, choked in his sleep, neither of which pertain to Grace.

6

(3) GRANTS Deontay P. Grace until **January 8, 2021**, to file an amended complaint as described above; and

(4) CAUTIONS Deontay P. Grace that if no response is received by the deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on December 10, 2020.

s/William C. Lee
JUDGE WILLIAM C. LEE
UNITED STATES DISTRICT COURT
